126    APPELLATE COURTS OF ILLINOIS.

Bourland v. Louisville & Nashville R. Co., 199 Ill. App. 126.

## Mattie P. Bourland, Appellee, v. Louisville & Nashville Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Washington county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916. Petition for *certiorari* dismissed.

### Statement of the Case.

Action by Mattie P. Bourland, plaintiff, against the Louisville & Nashville Railroad Company, defendant, to recover for damages for personal injuries sustained as a result of slipping on a banana peeling on the third step of one of defendant's cars as she was attempting to board the train. From a judgment for plaintiff for $1,000, defendant appeals.

The declaration, which consisted of two counts, alleged that defendant failed to exercise reasonable care to keep its platform and the steps of its coaches clean, and permitted banana peelings, garbage and refuse to accumulate upon its platform and the steps of one of its coaches, and that plaintiff, while attempting to board the train, was thereby caused to slip and fall, sustaining a severe nervous shock, laceration and strain of the muscles and ligaments, and that she was permanently injured.

The train which plaintiff attempted to board was an accommodation train consisting of a baggage car, smoker and ladies' car, starting from St. Louis and reaching Ashley about eight o'clock at night. When plaintiff reached the second or third step of the car she slipped and fell in a heap to the right and somewhat backward, but not off of the steps of the car. The station at Ashley was on the north side of defendant's railroad track, and the next five stations west of Ashley were on the south side of defendant's track, and

the last station on the north side of defendant's track before arriving at Ashley was Mascoutah.

The evidence tended to show that plaintiff was more or less of a nervous temperament, and that up to some two years prior to this accident she had been in ill health, but that for two years preceding the accident her health had been good and that she had done the housework without assistance for a family of four; that subsequent to the accident she had been unable for six weeks to leave her bed and that she had not been able, up to the time of the trial, some four or six months after the accident, to walk without assistance. The only evidence to dispute plaintiff in this regard were two witnesses, neighbors of plaintiff, who testified that they had observed her doing her house work, and one of them testified that they saw her get into a buggy unassisted and had seen her sweep the walks in front of her house. Two physicians examined plaintiff at the time of the injury, one called at the instance of plaintiff and the other being the physician of defendant's railroad, both of whom found an injury on plaintiff's hip, and it was thought by them when the injury first occurred that one of the lower limbs of plaintiff was some two inches shorter than the other, but the railroad physician afterwards became of the opinion on measurement that this was not true. Plaintiff's physician who had charge of her after the first examination testified that following the injury at Ashley, plaintiff suffered disorders of the pelvic organs and the womb, that one of the fingers of plaintiff was injured at the time of the accident, that it festered and a part of the bone thereafter became detached and sloughed off.

James M. Hamill and Charles P. Hamill, for appellant.

Noleman & Smith and H. H. House, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to establish that presence of banana peeling on car steps proximate cause of injury to passenger.* In an action by a passenger against a railroad company for damages for personal injuries alleged to have been sustained as a result of slipping on a banana peeling on one of the steps of one of defendant's cars as plaintiff was attempting to board the car, where the evidence as to the existence of the banana peeling on the step was conflicting, but plaintiff's testimony was positive in character and defendant's mainly negative, evidence *held* sufficient to sustain a finding as to the existence of such banana peeling on the step and that it was the proximate cause of the injury to plaintiff.

2. CARRIERS, § 278*—*what degree of care required towards passengers.* A railroad company must use the highest degree of care for the protection of a passenger consistent with the practical operation of the road.

3. CARRIERS, § 476*—*when evidence sufficient to show knowledge of servants of existence of object on step of car.* In an action by peeling while attempting to board a train, where it appeared that a passenger for damages for injuries due to slipping on a banana the next station on the same side of the railroad track was five stations distant, evidence *held* sufficient to sustain a finding that defendant's servants knew of the existence of the banana peeling on the steps, or should have known of it.

4. HUSBAND AND WIFE, § 196*—*who may recover for loss of services of wife.* At common law the husband only could recover for the loss of services of the wife, and under the statutes this rule has not been entirely abrogated.

5. HUSBAND AND WIFE, § 194*—*when giving of instructions on right of wife to recover for loss of time not reversible error.* In an action by a married woman for damages for personal injuries due to slipping on car steps while attempting to board a train, an instruction on damages allowing as one of the elements thereof recoverable, "loss of time" of plaintiff, *held* not reversible error in view of the evidence.

6. INSTRUCTIONS, § 151*—*when refusal of requested instructions not erroneous.* It is not error to refuse requested instructions covered by given instructions.

7. INSTRUCTIONS, § 12*—*when refusal of requested instruction*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*proper.* An instruction which is lengthy, involved, and calculated to mislead the jury is properly refused.

8. APPEAL AND ERROR, § 1406*—*when verdict for damages not disturbed as being excessive.* A verdict for damages for personal injuries will not be disturbed as excessive unless against the manifest weight of evidence.

9. DAMAGES, § 114*—*when verdict for injuries to woman not excessive.* A verdict for $1,000 in favor of a woman for injuries to the pelvic organs and the womb and the loss of one finger, *held* not excessive.